# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ELEKTRA ENTERTAINMENT GROUP,** Inc., a Delaware corporation, **ATLANTIC RECORDING,** Corporation, a Delaware corporation, **FONOVISA, Inc.,** a California corporation, **UMG RECORDINGS,** Inc., a Delaware corporation, and **ARISTA RECORDS, LLC,** a Delaware limited liability company, </br></br> Plaintiffs, </br></br> V. </br></br> **FRANCISCO EDSON,** </br></br> Defendant. | **CASE NO. 8:06CV476** </br></br></br></br></br> **MEMORANDUM AND ORDER** |

This matter is before the Court on the Plaintiff's Motion to Set Aside Memorandum and Order dismissing Complaint without Prejudice. (Filing No. 13). The motion is not opposed.

The Plaintiffs filed their Complaint on July 11, 2006. Service of process was obtained upon the Defendant Francisco Edson on October 24, 2006 (Filing No. 6), but Edson has made no appearance in this matter. Upon Plaintiffs' motion, the Clerk filed her Entry of Default on December 14, 2006. (Filing Nos. 8 and 9). However, Plaintiffs failed to file a motion for default judgment before the Court-imposed deadline of January 5, 2007. (*See* Filing No. 7). On February 2, 2007, Judge Gossett recommended to the undersigned that the case be dismissed without prejudice based on the Plaintiffs' failure to prosecute. (Filing No. 10). On March 5, 2007, the Report and Recommendation was accepted, and the case was dismissed without prejudice. (Filing No. 11). In an affidavit, Plaintiffs' counsel admits the he received copies of the Report and Recommendation and the

Memorandum and Order of Dismissal, but he states that he did not immediately read them because he mistakenly believed that he had filed the motion for default judgment and that the Court's communications related to Edson's default. (Filing No. 14, Attachment 1).

Federal Rule of Civil Procedure 60(b)(1) provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." The term "excusable neglect" has been "'understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Union Pacific R. Co. v. Progress Rail Services Corp.*, 256 F.3d 781, 782 (8th Cir. 2001) citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380 (1993). The Eighth Circuit Court has stated that in determining whether a party's conduct may constitute excusable neglect, district courts should "engage in a careful balancing of multiple considerations, including 'the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. '" *Id.*, citing *Pioneer Investment,* 507 U.S. at 395 *bracketed language in original*.

The Court has considered these several factors. Certainly the Plaintiffs' counsel acted negligently in failing to read the orders of the Court and take appropriate action. It is difficult characterize that negligence as "excusable." However, the Court has considered other factors. For example, there is no evidence of bad faith on the Plaintiffs' part. The Court has also considered that the Plaintiffs acted promptly in filing their Rule 60(b)(1) motion after gaining actual knowledge of the dismissal order. The motion was filed within two weeks of the dismissal. If the Court grants the motion, the Court find that there will be

very little, if any, unfair prejudice to the Defendant given the Defendant's failure to appear in this matter and the clerk's entry of default against him. Indeed, the Defendant may not even know that the case was dismissed because, it is not evident from the docket sheet whether copies of the Report and Recommendation and the Memorandum and Order of Dismissal were sent to the Defendant by United States mail. For all these reasons, the Court concludes that the purpose of the Federal Rules of Civil Procedure to secure the just, speedy, and inexpensive determination of every action will be served by granting the motion and reopening this matter, rather than requiring the Plaintiffs to commence a new action.

Accordingly, IT IS ORDERED:

1. Plaintiffs' Motion to Set Aside Memorandum and Order Dismissing Complaint without Prejudice (Filing No. 13) is granted;

2. The Memorandum and Order Dismissing the Complaint without Prejudice (Filing No. 11) is set aside;

3. The Clerk of the Court is directed to reopen this case and to send a copy of this Memorandum and Order and Filing Nos. 10 and 11, to the Defendant via United States mail; and

4. The Plaintiffs shall file their Motion for Default Judgment as soon as is practicable, but not later than May 31, 2007.

DATED this 4th day of May, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge